# FALL BROOK COAL COMPANY, RESPONDENT, *v.* RICHARD HECKSHER, JR., APPELLANT.

*Contempt of court — actual loss or injury must be proved, to support a fine to indemnify the party injured, imposed under section 2281 of the Code of Civil Procedure — when a fine imposed under section 2281 cannot be changed on appeal to a fine for punishment — proper order to be entered in such cases.*

Upon the failure of the defendant to appear and answer, as he was required to do by an order made in supplementary proceedings, he was adjudged to be in contempt, and fined the sum of $834.63, the amount of the judgment, and ten dollars costs.

*Held,* that as it was not proved that the plaintiff had sustained actual loss or injury, or had been deprived by the misconduct of the defendant of the amount of his judgment, there was no foundation for imposing this fine.

That although the court had power to impose, in addition to the fine for indemnity, a further fine by way of punishment, not exceeding the sum of $250 and costs and expenses, yet, as it had not exercised this power in this case, the appellate court could not reduce the fine to the amount, or any portion of the amount which might have been prescribed by way of punishment.

*Erie Railway* v. *Ramsey* (45 N. Y., 637), and *DeJonge* v. *Brenneman* (23 Hun, 332) distinguished.

That the court should have fined the defendant, by way of punishment, in a sum not exceeding $250, in addition to the plaintiff's costs and expenses, and have directed his imprisonment until he should appear and submit to an examination concerning his property, and pay the fine with the costs imposed upon him.

APPEAL from an order, made at a Special Term, adjudging the defendant in contempt, and fining him the sum of $834.63, with ten dollars costs.

*James L. Bishop,* for the appellant.

*Crane & Lockwood,* for the respondent.

DANIELS, J.:

The defendant failed to appear and answer, as he was required to do by an order made in supplementary proceedings, and that failure was repeated on a second occasion. It was for that he was required to show cause why he should not be punished for his contempt. And, as he was shown by the affidavits to be clearly in contempt, he was legally liable to punishment for that cause. But while the

order recited that his misconduct did actually defeat, impair, impede or prejudice the rights of the above named plaintiff, as it was required it should do, by section 2281 of the Code of Civil Procedure, it did not follow, from that circumstance alone, that he was liable to be fined, as he was, the amount of the judgment which had been recovered against him. For the degree of punishment to be inflicted has been limited, by section 2284 of the same Code, to a fine sufficient to indemnify the aggrieved party for any actual loss or injury produced by the misconduct. And, as it was not proved by the affidavits that the plaintiff had sustained actual loss or injury, or had been deprived by the misconduct of the amount of his judgment, there was no foundation for imposing this large fine upon him. To sustain the imposition of a fine for loss or injury, the fact of the existence of the loss must first be proved by legal evidence. Without such proof, no authority exists for fining the delinquent party to compensate such loss. (*De Jonge* v. *Brenneman*, 23 Hun, 332.) And the fine in this case was imposed, not by way of punishment, but wholly by way of indemnity, and for that it is devoid of all legal foundation.

The court had the further power, in addition to that authorizing a fine for indemnity, to impose a fine upon the defendant by way of punishment, not exceeding the sum of $250, in addition to the costs and expenses.

But that power was not exercised in this case. No fine was imposed upon him by way of punishment for his misconduct, but it was wholly for the purpose of indemnity, and the court accordingly cannot reduce the fine in this instance to the amount, or any portion of the amount, which, under this part of the same section, might have been prescribed by way of punishment for the defendant's misconduct.

A reduction in the fine in a proper case may undoubtedly be made, as was done in *Erie Railway Company* v. *Ramsey* (45 N. Y., 637, 655), and *De Jonge* v. *Brenneman* (*supra*). But there the fines which were imposed were in part supported by the facts, while here the fine is wholly unsupported by the facts made to appear upon the hearing. For it was entirely devoted to the object of indemnifying the plaintiff against loss or injury, when no loss or injury whatever was made to appear. What the court should

have done in this condition of the evidence, was to have fined the defendant, by way of punishment, in a sum not exceeding the amount of $250, in addition to the plaintiff's costs and expenses, and then direct his imprisonment, as that has been prescribed by section 2285 of the Code, until he should appear and submit to an examination concerning his property, and pay the fine with the costs imposed upon him. That authority was not exercised in any form, and, accordingly, the case presents no ground for modification, but it is one wholly for reversal.

The order which was made should be reversed with the usual costs and disbursements, and the case should be remitted to the Special Term for a further hearing, there to be proceeded with in conformity with this opinion.

Davis, P. J., and Brady, J., concurred.

Order reversed, with ten dollars costs and disbursements, and case remitted to Special Term.